**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DEBBIE CHAVES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No.: <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Debbie Chaves ("Plaintiff"), individually and behalf of all others similarly situated, brings this class action against defendant Amazon.com, Inc. ("Defendant" or "Amazon"). Plaintiff makes the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge

## NATURE OF THE ACTION

1. This is a class action for breach of contract and consumer protection act violations arising from Amazon's unlawful charge of a "sales tax" to United States customers on certain digital and gift card goods, despite the tax-exempt status of such goods under state law.

2. Amazon owns and operates Amazon.com, the world's largest online marketplace.

3. Amazon's website contains a page explaining how taxes on purchases are calculated.[1] This webpage states that "The tax rate applied to your order will be the combined state and local rates of the address where your order is delivered to or fulfilled from." This page is incorporated into Amazon's Conditions of Use.[2]

4. Amazon further states that with regard to assessing "Tax on Digital Products and Services" that "To determine [a customer's] location, Amazon evaluates the address information

---

[1] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190.

[2] *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9M GKKQXXM ("Please review our other policies, such as our pricing policy, posted on this site. These policies also govern your use of Amazon Services.").

| CLASS ACTION COMPLAINT | BURSOR & FISHER, P.A. |
|---|---|
| CASE NO. | 1990 NORTH CALIFORNIA BLVD., SUITE 940 |
| | WALNUT CREEK, CA 94596 |

available in the customer's account which can be the billing address associated with the method of payment or the country of residence a device[] is set to."[3]

5. Further, Amazon states that with regard to gift cards: "**No tax is charged when purchasing gift cards**; however, purchases paid for with gift cards may be subject to tax."[4]

6. In certain instances, Amazon adheres to this policy. Yet, as demonstrated by the allegations herein, there are numerous occasions in which Amazon charges sales tax on virtual gift cards in violation of its own policy, and in violation of the tax laws of Massachusetts and numerous other states.

7. On August 3, 2021, Plaintiff purchased the item "Roblox Gift Card – 800 Robux [Includes Exclusive Virtual Item] [Online Game Code]" (the "Item").

8. As shown below, the Item should only cost $10.00. Further, no sales tax should be assessed because the Item is a virtual good and Plaintiff purchased the Item in Massachusetts, where no sales tax is assessed on virtual goods:



---

[3] https://www.amazon.com/gp/help/customer/display.html?nodeId=202074730.

[4] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190 (emphasis added).

| CLASS ACTION COMPLAINT | BURSOR & FISHER, P.A. |
| CASE NO. | 1990 NORTH CALIFORNIA BLVD., SUITE 940 |
| | WALNUT CREEK, CA 94596 |

9. Moreover, Amazon explicitly represents that it will not charge sales tax on gift cards, which the Item is.

10. Yet, Amazon charged Plaintiff Chaves the Massachusetts 6.25% "sales tax" ($0.63) on this purchase even though no such tax was actually owed under Massachusetts state law, and even though Amazon explicitly represents that "no tax is charged while purchasing gift cards":

[Receipt image showing Digital Order: August 3, 2021, Roblox Gift Card - 800 Robux [Includes Exclusive Virtual Item] [Online Game Code], Price $10.00, Sold By: Amazon.com Services LLC, Item(s) Subtotal: $10.00, Total Before Tax: $10.00, Tax Collected: $0.63, Total for this Order: $10.63. Payment Information: Billing address DEB CHAVES, RAYNHAM, MA 02767, United States. Item(s) Subtotal: $10.00, Total Before Tax: $10.00, Tax Collected: $0.63, Amazon Gift Cards: -$10.00, Grand Total: $0.63.]

11. The Item was "fulfilled" from within the Commonwealth of Massachusetts. Plaintiff listed her home address in the Commonwealth of Massachusetts for both her shipping address and billing address when ordering the Item, and the Item was downloaded in Massachusetts. Further, "[f]or sales tax purposes, the state that has the right to tax the sale is **the state where delivery occurs**," which is Massachusetts.[5]

---

[5] SALES TAX INSTITUTE, DOES THE SELLER COLLECT TAX FOR THE STATE IT IS LOCATED IN OR THE STATE WHERE THE CUSTOMER IS LOCATED?, https://www.salestaxinstitute.com/sales_tax_faqs/where_to_collect_sales_tax (emphasis added).

| CLASS ACTION COMPLAINT | BURSOR & FISHER, P.A. |
| CASE NO. | 1990 NORTH CALIFORNIA BLVD., SUITE 940 |
| | WALNUT CREEK, CA 94596 |

-4-

12. The Commonwealth of Massachusetts imposes a sales tax of 6.25% on "**tangible** personal property or of services performed in the commonwealth." MA Gen L ch 64H § 2. Digital goods are **exempt** from sales tax in the Commonwealth of Massachusetts. *See* M.T.G. TIR 05-8 at VII.B.8 (stating "[d]igital products… delivered electronically, including but not limited to music, video, reading materials or ring tones" are expressly tax-exempt).

13. Accordingly the 6.25% ($0.63) sales tax that Amazon charged on the Item was improperly assessed, in violation of both Massachusetts law and Amazon's contract with Plaintiff and the putative Classes.

14. Amazon's practice of unlawfully charging sales tax is not limited to the Commonwealth of Massachusetts. For instance, Amazon also charges a sales tax on the Item when the billing address is in the State of New York:



15. Like Massachusetts, New York also prohibits imposing a sales tax on digital goods.[6] Under New York law, any tax must be authorized by statute,[7] and digital products such as the Item are not included in the goods or services subject to either sales or use tax.[8] Further, the New York State Commissioner of Taxation and Finance has explicitly stated that "G[g]ift certificates for a stated dollar amount, whether given away for no consideration or sold to a customer, are not subject to sales tax."[9]

16. Yet, as demonstrated above, Amazon improperly charged a sales tax on a good purchased in New York with a New York billing address.[10]

17. Upon information and belief, Amazon improperly assesses sales tax on certain digital goods in a number of other states than Massachusetts and New York.

18. Amazon knows or should know that it is improperly charging sales tax in these states. Amazon represented to customers that it its tax practices were compliant with applicable

---

[6] N.Y. STATE DEP'T OF TAXATION & FIN., REPORT ON THE TAXATION OF THE TELECOM. INDUS. IN N.Y. STATE, at 24 (Oct. 2009), https://www.tax.ny.gov/pdf/stats/policy_special/telecommunications/2009/taxation_of_the_telecommunications_industry_in_ny_state_october_2009.pdf.

[7] *See*, *e.g.*, *Am. Cablevision of Rochester, Inc. v. Jacobs*, 474 N.Y.S.2d 653, 655 (N.Y. App. Div. 1984).

[8] *See* N.Y. Tax L. §§ 1105 (outlining taxable goods under New York law), 1110 (outlining use tax); *see also* Catherine Chen, *Taxation of Digital Goods & Servs.*, 70 N.Y.U. ANN. SURV. AM. L. 421, 452–53 & n.169 (2015) (identifying New York as among the U.S. states that "either do not affirmatively impose sales tax on digital content or expressly exempt it from taxation").

[9] N.Y. Dep't of Taxation & Fin., Advisory Op. TSB-A-99(13)S (Mar. 1, 1999), https://www.tax.ny.gov/pdf/advisory_opinions/sales/a99_13s.pdf.

[10] For clarity, the Item was purchased in New York with a New York City billing address. The sales tax for a **tangible** good purchased in New York City is 8.875%, or $0.89 (4% NYS sales tax + 4.5% NYC sales tax + 0.375% Metropolitan Commuter Transportation District surcharge). *See* NEW YORK STATE SALES AND USE TAX, https://www1.nyc.gov/site/finance/taxes/business-nys-sales-tax.page. But such sales tax should **not** apply to a digital good like the Item.

state and local laws: "The tax rate applied to your order will be the combined state and local rates of the address where your order is delivered to or fulfilled from."[11]

19. Digital subscription businesses such as Netflix and Spotify **do not** charge sales tax in Massachusetts or New York for streaming services.

20. Even **Amazon itself** does not charge sales tax for other digital goods, such as movies rented or purchased through its Amazon Prime video service:

| Digital Order: August 13, 2021 | |
|---|---|
| **Items Ordered** | **Price** |
| A Quiet Place Part II (4K UHD) [Prime Video]<br>By: John Krasinski, Emily Blunt, Millicent Simmonds ...<br>Quantity: 1 | $5.99 |
| | Item(s) Subtotal: $5.99 |
| | Total Before Tax: $5.99 |
| | Tax Collected: $0.00 |
| | Total for this Order: $5.99 |

| Payment Information | | |
|---|---|---|
| **Payment method** | Item(s) Subtotal: | $5.99 |
| | Total Before Tax: | $5.99 |
| **Billing address** | Tax Collected: | $0.00 |
| NEW YORK, NY 10069-0435 | **Grand Total:** | **$5.99** |

21. In fact, Amazon inconsistently does not charge sales tax on certain digital gift cards, as can be seen below:

| Digital Order: September 3, 2021 | |
|---|---|
| **Items Ordered** | **Price** |
| Assassin's Creed Valhalla: Small Helix Credits - PS5 [Digital Code]<br>Quantity: 1<br>Sold By: Amazon.com Services LLC | $9.99 |
| | Item(s) Subtotal: $9.99 |
| | Total Before Tax: $9.99 |
| | Tax Collected: $0.00 |
| | Total for this Order: $9.99 |

| Payment Information | | |
|---|---|---|
| **Payment method** | Item(s) Subtotal: | $9.99 |
| | Total Before Tax: | $9.99 |
| **Billing address** | Tax Collected: | $0.00 |
| NEW YORK, NY 10106-0001 | **Grand Total:** | **$9.99** |

---

[11] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190

| CLASS ACTION COMPLAINT | BURSOR & FISHER, P.A. |
|---|---|
| CASE NO. | 1990 NORTH CALIFORNIA BLVD., SUITE 940 |
| | WALNUT CREEK, CA 94596 |

22. Further, even if Amazon were ignorant of state tax laws, Amazon's assessment of sales tax would still violate Amazon's contract with customers because Amazon explicitly represents that "No tax is charged when purchasing gift cards."[12]

23. Accordingly, Amazon willfully and knowingly overcharged its subscribers a false and unlawful sales tax on their purchases of digital and gift card items. Amazon falsely represented that the tax charges imposed on purchases were consistent with the laws of the relevant states of purchase, and falsely represented that "[n]o tax is charged while purchasing gift cards." Although Amazon claims to regularly review its billing and collection practices for tax compliance purposes, Amazon engaged in a uniform, years-long practice of charging a "sales tax" on numerous purchases of digital items and gift cards from its marketplace in jurisdictions that exempt taxation of those products.

24. Worse, it is unclear if Amazon has remitted the unlawfully collected "sales tax" to state authorities, potentially recouping these overcharges in an effort to maximize profits at their subscribers' expense and under the guise of a state-imposed tax.

25. Amazon's unlawful practice has harmed Plaintiff and all members of the Classes in precisely the same way. On a standard and uniform basis, Amazon charges users in several U.S. states a sales taxes on numerous digital and gift card products available on its website, even though digital and gift card products in many of those states are not taxable, Amazon has collected millions of dollars in overcharges on these types of purchases.

---

[12] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190

26. Amazon's overcharges were material to Plaintiff and all other members of the Classes. While the $0.63 overcharge to Plaintiff is small, Amazon has repeated this process potentially millions of times, including on more expensive items. For example, if Plaintiff had instead purchased the "Roblox Gift Card - 10000 Robux [Includes Exclusive Virtual Item] [Online Game Code]" for $100, she would have paid a $6.25 sales tax.

27. Amazon has not reimbursed Plaintiff or members of the Classes for the unlawful taxes it collected. And, despite its ongoing legal compliance representations and the clear tax exemption for digital goods in several U.S. states, Amazon's practice of charging purchasers of specific digital goods a purported sales tax when no sales tax is in fact owed is still ongoing.

28. Further, Plaintiff and Class members did not expect Amazon to assess a "sales tax" on their digital purchases that is not actually required by law, and they would not have paid the sales tax on their purchases if such charge had not been included automatically by Amazon. Nor would Plaintiff and members of the Classes have agreed to pay over 6% more for each purchase if they had known that the purported sales tax collected was not owed under state law and possibly not remitted to state authorities.

29. Plaintiff brings this action on behalf of herself individually and all others similarly situated to challenge Amazon's breach of contract and its willful and knowing unlawful, deceptive, and fraudulent overcharging practices. Plaintiff seeks all available compensatory, statutory, and punitive damages, and reasonable attorney's fees and costs.

**THE PARTIES**

30. Plaintiff Deb Chaves resides in Raynham, Massachusetts and is a citizen of Massachusetts. Chaves purchased at least two digital gift card items, on the dates of August 3,

2021 and August 27, 2021, respectively, upon which she was assessed a 6.25% sales tax in violation of both Massachusetts law and her agreement with Amazon.

31. Defendant Amazon.com, Inc. is a Delaware corporation with its corporate headquarters and principal place of business located in Seattle, Washington.

## JURISDICTION AND VENUE

32. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

33. The Court has general personal jurisdiction over Amazon because Amazon maintains its principal place of business in this District. The Court also has personal jurisdiction over Amazon because Amazon's "Conditions of Use" states that "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."[13]

34. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Amazon resides in this District.

## CLASS ACTION ALLEGATIONS

35. This action is brought by Plaintiff individually and on behalf of the following Nationwide Classes pursuant to Federal Rules of Civil Procedure 23(b)(3).

---

[13] https://www.amazon.com/gp/help/customer/display.html?nodeId=508088&ref_=footer_cou

CLASS ACTION COMPLAINT
CASE NO.

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

-10-

> **The Digital Good Class,** defined as: All persons or entities who (1) paid sales tax on a digital good sold on Amazon.com, and (2) purchased the digital good with a billing address in any state where the digital good should have been exempt from sales tax.
>
> **The Gift Card Class,** defined as: All persons or entities residing in the United States who paid sales tax on the purchase of a gift card sold on Amazon.com.

36. Plaintiff also brings this action individually and on behalf of the following Massachusetts Subclasses pursuant to Federal Rules of Civil Procedure 23(b)(3):

> **The Massachusetts Digital Good Subclass,** defined as: All persons or entities who (1) paid sales tax on a digital good sold on Amazon.com, and (2) purchased the digital good with a billing address located in the Commonwealth of Massachusetts.
>
> **The Massachusetts Gift Card Subclass,** defined as: All persons or entities residing in Massachusetts who paid tax on a purchase of a gift card sold on Amazon.com.

37. Collectively, the Nationwide Classes and the Massachusetts Subclasses are referred to as the "Classes."

38. Excluded from the Classes are Amazon; any of its officers, directors, or employees; and its legal representatives, successors, and assigns.

39. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, inter alia, changing circumstances and new facts obtained.

40. **Numerosity**. The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of

individuals that are members of the proposed Classes. Although the precise number of proposed members are unknown to Plaintiff, the true number of members of the Classes are known by Defendant. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

41. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all members of the Classes, purchased a digital good that should have been exempt from sales tax, but was nonetheless improperly charged a sales tax by Amazon. The representative Plaintiff, like all members of the Classes, has been damaged by Defendant's misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

42. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Amazon improperly assessed a sales tax on digital goods purchased by Plaintiff and members of the Classes;

    (b)    whether the assessment of a sales tax on digital goods violates the laws of the Commonwealth of Massachusetts and the laws of other states;

      (c)      whether Amazon remitted the collected tax overcharges to the appropriate state taxing authorities;

      (d)      whether Amazon act knowingly and/or willfully;

      (e)      whether Amazon breach its contract with consumers by charging an inapplicable sales tax; and

      (f)      whether Plaintiff and members of the Classes entitled to damages, restitution, equitable relief, statutory damages, exemplary damages, and/or other relief.

43.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes.  Plaintiff has no interests that are antagonistic to those of the Classes.

44.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Classes are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of

CLASS ACTION COMPLAINT  
CASE NO.

BURSOR & FISHER, P.A.  
1990 NORTH CALIFORNIA BLVD., SUITE 940  
WALNUT CREEK, CA 94596

-13-

adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

45. In the alternative, the Classes may be certified because:

(a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

## **CAUSES OF ACTION**

### **COUNT I**
### **Breach of Contract**

43. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

44. Plaintiff brings this claim individually and behalf of the members of the proposed Classes against Defendant.

45. Plaintiff brings this claim under Washington law in accordance with the Amazon Conditions of Use.

46. Defendant entered into contracts with Plaintiff and members of the Classes (pursuant to Amazon's Conditions of Use) to provide goods in the form of gift cards and other digital or intangible items in exchange for a set amount of money.

47. Plaintiff and members of the Classes paid for their purchases of digital goods and therefore performed their obligations under their contract with Amazon.

48. Under the Conditions of Use, Plaintiff and members of the Digital Goods Class and Massachusetts Digital Goods Subclass did not agree to pay non-applicable, improperly charged state sales taxes.

49. Defendant breached these contracts by assessing a sales tax on the purchases of digital goods made by Plaintiff and members of the Digital Goods Class and Massachusetts Digital Goods Subclass, even though said digital good were not subject to sales tax under state law.

50. Similarly, Plaintiff and members of the Gift Card Class and Massachusetts Gift Card Subclass did not agree to pay taxes on gift cards, which Amazon represented were not subject to tax.

51. Defendant also breached these contracts by assessing a sales tax on the purchases of gift cards made by Plaintiff and members of the Gift Card Class and Massachusetts Gift Card Subclass, even though Amazon represents in its Conditions of Use that it does not charge a sales tax on the purchase of gift cards.

52. As a direct and proximate result of Amazon's breaches, Plaintiff and members of the Classes have sustained damages in an amount to be determined at trial.

**COUNT II**
**Violation Of Washington Consumer Protection Act ("WCPA")**
RCW §§ 19.86.010, *et seq.*)

53. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

54. Plaintiff brings this claim individually and behalf of the members of the proposed Classes against Defendant.

55. Plaintiff brings this claim under Washington law in accordance with the Amazon Conditions of Use.

56. Plaintiff and Class Members are "persons" within the meaning of Washington Consumer Protection Act, RCW 19.86.010(1).

57. Defendant engaged in deceptive acts that occurred in trade or commerce by conduct set forth above. These deceptive acts include the representation that the "taxes" charged to Plaintiff and members of the Classes were "sales tax" in accordance with applicable state laws.

58. These deceptive acts also include Amazon's representation that "[n]o tax is charged when purchasing gift cards."

59. Defendant's deceptive acts and practices have occurred in trade or commerce because they "include the sale of assets or services." RCW 19.86.101(2).

60. The WCPA is applicable to Plaintiff and all members of the putative Classes because Amazon's Conditions of Use state, "By using any Amazon Service, you agree that applicable federal law, **and the laws of the state of Washington, without regard to principles**

**of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise** between you and Amazon."[14]

61. Defendant's deceptive acts or practices have impacted the public interest because they have injured Plaintiff and thousands of Amazon customers by representing that the "taxes" charged by Amazon were the result of properly assessed "sales tax."

62. Defendant deceived Plaintiff and members of the Classes by representing that the "taxes" charged by Amazon were the result of properly assessed "sales tax."

63. Plaintiff and members of the Classes lost money or property as a result of Defendants' WCPA violations because Plaintiff and members of the Classes did not agree to pay non-applicable, improperly charged state taxes.

64. When Amazon charged Plaintiff and members of the Classes additional monies attributable to sales tax even though the purchases of digital goods were not taxable under and were not imposed by state law, Amazon charged an inapplicable tax that Plaintiff and members of the Classes did not agree to pay.

65. Defendant's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff and members of the Classes, particularly because Defendant continues to charge non-applicable, improperly charged state taxes. Thus, Plaintiff, members of the Classes, and any member of the public at large who purchases digital items in the future are suffering and will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

---

[14] https://www.amazon.com/gp/help/customer/display.html/?nodeId=GLSBYFE9MGKKQXXM (emphasis added)

66.     Plaintiff and members of the Classes are entitled to recover actual damages, treble damages, and injunctive and equitable relief. In addition, Plaintiff and members of the Classes are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and Plaintiff's attorneys as Class Counsel;

(b) For an order declaring the Defendant's conduct violates the causes of action referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims asserted in this complaint so triable.

| | |
|---|---|
| Dated: September 7, 2021 | Respectfully submitted, |

**CARSON NOEL PLLC**

By: _/s/ Wright A. Noel_
     Wright A. Noel

20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
Facsimile:  (425) 837-5396
E-Mail: wright@carsonnoel.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Hac Vice Forthcoming*)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice Forthcoming*)
Matthew A. Girardi (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: mroberts@bursor.com
       mgirardi@bursor.com

*Attorneys for Plaintiff*