1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DEBBIE CHAVES, DANIELLE WARD, and AMANDA EVANS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>AMAZON.COM SERVICES LLC.,<br><br>       Defendant. | Case No.: 2:21-cv-01213-JCC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. John C. Coughenour |

Plaintiffs Debbie Chaves, Danielle Ward, and Amanda Evans ("Plaintiffs"), individually and behalf of all others similarly situated, bring this class action against defendant Amazon.com Services LLC ("Defendant" or "Amazon").  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

**<u>NATURE OF THE ACTION</u>**

**I.     BACKGROUND**

1.     This is a class action for breach of contract and consumer protection act violations arising from Amazon's unlawful charge of a "sales tax" to United States customers on certain digital and gift card goods, despite the tax-exempt status of such goods under state law.

2.     Amazon owns and operates Amazon.com, the world's largest online marketplace.

3.     Amazon's website contains a page explaining how taxes on purchases are calculated.[1]  This webpage states that "[t]he tax rate applied to your order will be the combined state and local rates of the address where your order is delivered to or fulfilled from."  This page is incorporated into Amazon's Conditions of Use.[2]

4.     Amazon further states that with regard to assessing "Tax on Digital Products and Services" that "[t]o determine [a customer's] location, Amazon evaluates the address information

---

[1] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190.

[2] *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9M GKKQXXM ("Please review our other policies, such as our pricing policy, posted on this site. These policies also govern your use of Amazon Services.").

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

available in the customer's account which can be the billing address associated with the method of payment or the country of residence a device[] is set to."[3]

5.     Further, Amazon states that with regard to gift cards: "**No tax is charged when purchasing gift cards**; however, purchases paid for with gift cards may be subject to tax."[4]

6.     In certain instances, Amazon adheres to this policy.  Yet, as demonstrated by the allegations herein, there are numerous occasions in which Amazon charges sales tax on virtual gift cards in violation of its own policy, and in violation of the tax laws of Massachusetts, New York, and numerous other states.

## II.     EXPERIENCES OF PLAINTIFFS

### A.     Experience Of Plaintiff Chaves

7.     On August 3, 2021, Plaintiff Chaves purchased the item "Roblox Gift Card – 800 Robux [Includes Exclusive Virtual Item] [Online Game Code]" (the "Robux Gift Card").

8.     As shown below, the Robux Gift Card should only cost $10.00.  Further, no sales tax should be assessed because the Robux Gift Card is a virtual good and Plaintiff Chaves purchased the Robux Gift Card in Massachusetts, where no sales tax is assessed on virtual goods:

//

//

//

//

---

[3] https://www.amazon.com/gp/help/customer/display.html?nodeId=202074730.

[4] https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190 (emphasis added).

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596



9.      Moreover, Amazon explicitly represents that it will not charge sales tax on gift cards, which the Robux Gift Card is.

10.     Yet, Amazon charged Plaintiff Chaves the Massachusetts 6.25% "sales tax" ($0.63) on this purchase of the Robux Gift Card, even though no such tax was actually owed under Massachusetts state law, and even though Amazon explicitly represents that "no tax is charged while purchasing gift cards":



11.     The Robux Gift Card was "fulfilled" from within the Commonwealth of Massachusetts.  Plaintiff Chaves listed her home address in the Commonwealth of Massachusetts for both her shipping address and billing address when ordering the Robux Gift Card, and the Robux Gift Card was downloaded in Massachusetts.  Further, "[f]or sales tax purposes, the state that has the right to tax the sale is **the state where delivery occurs**," which is Massachusetts.[5]

12.     The Commonwealth of Massachusetts imposes a sales tax of 6.25% on "**tangible** personal property or of services performed in the commonwealth." MA Gen L ch 64H § 2.  Digital goods are **exempt** from sales tax in the Commonwealth of Massachusetts.  *See* M.T.G. TIR 05-8 at VII.B.8 (stating "[d]igital products… delivered electronically, including but not limited to music, video, reading materials or ring tones" are expressly tax-exempt).

13.     Accordingly, the 6.25% ($0.63) sales tax that Amazon charged on the Robux Gift Card was improperly assessed, in violation of both Massachusetts law and Amazon's contract with Plaintiff Chaves and the putative Classes.

**B.     Experience Of Plaintiff Ward**

14.     On August 9, 2021, Plaintiff Ward purchased two Robux Gift Cards.  As shown above, two Robux Gift Cards should only cost $20.00.

15.     Further, no sales tax should be assessed because the Robux Gift Card is a virtual good and Plaintiff Ward purchased the Robux Gift Card in New York.

---

[5] SALES TAX INSTITUTE, DOES THE SELLER COLLECT TAX FOR THE STATE IT IS LOCATED IN OR THE STATE WHERE THE CUSTOMER IS LOCATED?, https://www.salestaxinstitute.com/sales_tax_faqs/where_to_collect_sales_tax (emphasis added).

16.     Like Massachusetts, New York also prohibits imposing a sales tax on digital goods.[6]  Under New York law, any tax must be authorized by statute,[7] and digital products such as the Item are not included in the goods or services subject to either sales or use tax.[8]  Further, the New York State Commissioner of Taxation and Finance has explicitly stated that "[g]ift certificates for a stated dollar amount, whether given away for no consideration or sold to a customer, are not subject to sales tax."[9]

17.     Moreover, Amazon explicitly represents that it will not charge sales tax on gift cards, which the Robux Gift Card is.

18.     Yet, Amazon charged Plaintiff Ward the West Seneca, New York 8.75% "sales tax"[10] ($0.88) on her purchase,[11] even though no such tax was actually owed under New York

---

[6] N.Y. STATE DEP'T OF TAXATION & FIN., REPORT ON THE TAXATION OF THE TELECOM. INDUS. IN N.Y. STATE, at 24 (Oct. 2009), https://www.tax.ny.gov/pdf/stats/policy_special/ telecommunications/2009/taxation_of_the_telecommunications_industry_in_ny_state_october_2 009.pdf.

[7] See, e.g., Am. Cablevision of Rochester, Inc. v. Jacobs, 474 N.Y.S.2d 653, 655 (N.Y. App. Div. 1984).

[8] See N.Y. Tax L. §§ 1105 (outlining taxable goods under New York law), 1110 (outlining use tax); see also Catherine Chen, Taxation of Digital Goods & Servs., 70 N.Y.U. ANN. SURV. AM. L. 421, 452–53 & n.169 (2015) (identifying New York as among the U.S. states that "either do not affirmatively impose sales tax on digital content or expressly exempt it from taxation").

[9] N.Y. Dep't of Taxation & Fin., Advisory Op. TSB-A-99(13)S (Mar. 1, 1999), https:// www.tax.ny.gov/pdf/advisory_opinions/sales/a99_13s.pdf.

[10] WEST SENECA, NEW YORK SALES TAX RATE, https://www.avalara.com/taxrates/en/state-rates/new-york/cities/west-seneca.html.

[11] Because Plaintiff Ward paid $20.00 for two copies of the Item, she was charged $1.76 in "sales tax" ($0.88 × 2 = $1.76).

---

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

-5-

state law, and even though Amazon explicitly represents that "no tax is charged while purchasing gift cards":

| Digital Order: August 9, 2021 | |
|---|---|
| **Items Ordered** | **Price** |
| Roblox Gift Card - 800 Robux [Includes Exclusive Virtual Item] [Online Game Code] | $10.00 |
| Quantity: 2 | |
| Sold By: Amazon.com Services LLC | |
| | Item(s) Subtotal: $20.00 |
| | ---- |
| | Total Before Tax: $20.00 |
| | Tax Collected: $1.76 |
| | ---- |
| | **Total for this Order: $21.76** |

| Payment Information | | |
|---|---|---|
| **Payment method** | Item(s) Subtotal | $20.00 |
| | | |
| **Billing address** | Total Before Tax | $20.00 |
| danielle ward | Tax Collected: | $1.76 |
| WEST SENECA, NY 14224- | **Grand Total:** | **$21.76** |

19.     The Robux Gift Card was "fulfilled" from within the State of New York.  Plaintiff Ward listed her home address in the State of New York for both her shipping address and billing address when ordering the Robux Gift Card, and the Robux Gift Card was downloaded in New York.  Further, "[f]or sales tax purposes, the state that has the right to tax the sale is **the state where delivery occurs**," which is New York.

20.     Accordingly, the 8.75% ($0.88) sales tax that Amazon charged on the Robux Gift Card was improperly assessed, in violation of both New York law and Amazon's contract with Plaintiff Ward and the putative Classes.

### C.      Experience Of Plaintiff Evans

21.     On August 16, 2021 and September 1, 2021, Plaintiff Evans purchased the item "PlayStation Plus:  1 Month Membership [Digital Code Code]" (the "PSP Membership Card").

22.     As shown below, the PSP Membership Card should only cost $9.99.  Further, no sales tax should be assessed because the PSP Membership Card is a virtual good and Plaintiff Evans purchased the PSP Membership in New York, where no sales tax is assessed on virtual goods:



//

//

//

//

23.     Yet, Amazon charged Plaintiff Evans the Nichols, New York 8.00% "sales tax"[12] ($0.80) on each of her purchases of the PSP Membership Card,[13] even though no such tax was actually owed under New York state law:

| Digital Order: August 16, 2021 | |
| --- | --- |
| **Items Ordered** | **Price** |
| **PlayStation Plus: 1 Month Membership [Digital Code]** | $9.99 |
| Quantity: 1 | |
| Sold By: Amazon.com Services LLC | |
| | Item(s) Subtotal: $9.99 |
| | ---- |
| | Total Before Tax: $9.99 |
| | Tax Collected: $0.80 |
| | ---- |
| | **Total for this Order: $10.79** |

| Payment Information | |
| --- | --- |
| **Payment method** | |
| ████████████ | Item(s) Subtotal: $9.99 |
| | Total Before Tax: $9.99 |
| **Billing address** | Tax Collected: $0.80 |
| Amanda evans | |
| NICHOLS, NY | **Grand Total:** **$10.79** |
| 13812-1907 | |
| United States | |
| ████████████ | |

//

//

//

//

---

[12] Nichols, New York Sales Tax Rate, https://www.avalara.com/taxrates/en/state-rates/new-york/cities/nichols.html.

[13] Because Plaintiff Ward paid $20.00 for two copies of the Item, she was charged $1.76 in "sales tax" ($0.88 × 2 = $1.76).

| Digital Order: September 1, 2021 | |
|---|---|
| **Items Ordered** | **Price** |
| PlayStation Plus: 1 Month Membership [Digital Code] | $9.99 |
| Quantity: 1 | |
| Sold By: Amazon.com Services LLC | |
| | Item(s) Subtotal: $9.99 |
| | ---- |
| | Total Before Tax: $9.99 |
| | Tax Collected: $0.80 |
| | ---- |
| | **Total for this Order: $10.79** |

| Payment Information | |
|---|---|
| **Payment method** | Item(s) Subtotal: $9.99 |
| | Total Before Tax: $9.99 |
| **Billing address** | Tax Collected: $0.80 |
| Amanda evans | |
| | **Grand Total: $10.79** |
| NICHOLS, NY | |
| 13812-1907 | |

24.     The PSP Membership Cards were "fulfilled" from within the State of New York. Plaintiff Evans listed her home address in the State of New York for both her shipping address and billing address when ordering the PSP Membership Cards, and the PSP Membership Cards were downloaded in New York.  Further, "[f]or sales tax purposes, the state that has the right to tax the sale is **the state where delivery occurs**," which is New York.

25.     Accordingly, the 8.00% ($0.80) sales tax that Amazon charged on the PSP Membership Cards was improperly assessed, in violation of New York law.

**D.    Defendant Knowingly And Willfully Assesses Improper Sales Tax**

26.    Upon information and belief, Amazon improperly assesses sales tax on certain digital goods in a number of states other than Massachusetts and New York.

27.    Amazon knows or should know that it is improperly charging sales tax in these states.  Amazon represented to customers that its tax practices were compliant with applicable state and local laws:  "The tax rate applied to your order will be the combined state and local rates of the address where your order is delivered to or fulfilled from."[14]

28.    Digital subscription businesses such as Netflix and Spotify **do not** charge sales tax in Massachusetts or New York for streaming services.

29.    Even **Amazon itself** does not charge sales tax for other digital goods, such as movies rented or purchased through its Amazon Prime video service:



| Digital Order: August 13, 2021 | |
|---|---|
| **Items Ordered** | **Price** |
| A Quiet Place Part II (4K UHD)[Prime Video] | $5.99 |
| By: John Krasinski, Emily Blunt, Millicent Simmonds ... | |
| Quantity: 1 | |
| | Item(s) Subtotal: $5.99 |
| | Total Before Tax: $5.99 |
| | Tax Collected: $0.00 |
| | **Total for this Order: $5.99** |

| Payment Information | |
|---|---|
| **Payment method** | Item(s) Subtotal: $5.99 |
| | Total Before Tax: $5.99 |
| **Billing address** | Tax Collected: $0.00 |
| NEW YORK, NY 10069-0435... | |
| | **Grand Total: $5.99** |

---

[14] ABOUT US STATE SALES AND USE TAXES, https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190.

30.     In fact, Amazon inconsistently does not charge sales tax on certain digital gift cards, as can be seen below:



31.     Further, even if Amazon were ignorant of state tax laws, Amazon's assessment of sales tax would still violate Amazon's contract with customers because Amazon explicitly represents that "[n]o tax is charged when purchasing gift cards."[15]

32.     Accordingly, Amazon knowingly and willfully overcharged its subscribers a false and unlawful sales tax on their purchases of digital and gift card items.  Amazon falsely represented that the tax charges imposed on purchases were consistent with the laws of the relevant states of purchase, and falsely represented that "[n]o tax is charged while purchasing gift cards."

33.     Although Amazon claims to regularly review its billing and collection practices for taxability compliance purposes, Amazon engaged in a uniform, years-long practice of charging a "sales tax" on numerous purchases of digital items and gift cards from its marketplace in jurisdictions that exempt taxation of those products.

---

[15] ABOUT US STATE SALES AND USE TAXES, https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

-11-

34.     Worse, it is unclear if Amazon has remitted the unlawfully collected "sales tax" to state authorities, potentially recouping these overcharges in an effort to maximize profits at their subscribers' expense and under the guise of a state-imposed tax.

35.     Amazon's unlawful practice has harmed Plaintiffs and all members of the Classes in precisely the same way.  On a standard and uniform basis, Amazon charges users in several U.S. states sales tax on numerous digital and gift card products available on its website, even though digital and gift card products in many of those states are not taxable.  Amazon has collected millions of dollars in overcharges on these types of purchases.

36.     Amazon's overcharges were material to Plaintiff and all other members of the Classes.  While the overcharges to Plaintiffs are small, Amazon has repeated this process potentially millions of times, including on more expensive items.  For example, if Plaintiffs had instead purchased the "Roblox Gift Card - 10000 Robux [Includes Exclusive Virtual Item] [Online Game Code]" for $100, they would have paid a $6.25 sales tax in Massachusetts and at least an $8.00 sales tax in New York.

37.     Amazon has not reimbursed Plaintiffs or members of the Classes for the unlawful taxes it collected.  And, despite its ongoing legal compliance representations and the clear tax exemption for digital goods in several U.S. states, Amazon's practice of charging purchasers of specific digital goods a purported sales tax when no sales tax is in fact owed is still ongoing.

38.     Further, Plaintiffs and members of the Classes did not expect Amazon to assess a "sales tax" on their digital purchases that is not actually required by law, and they would not have paid the sales tax on their purchases if such charge had not been included automatically by Amazon.  Nor would Plaintiffs and members of the Classes have agreed to pay 6-8% more for

1   each purchase if they had known that the purported sales tax collected was not owed under state
2   law and possibly not remitted to state authorities.

3         39.    Plaintiffs bring this action on behalf of themselves individually and all others
4   similarly situated to challenge Amazon's breach of contract and its willful and knowing
5   unlawful, deceptive, and fraudulent overcharging practices. Plaintiff seeks all available
6   compensatory, statutory, and punitive damages, and reasonable attorney's fees and costs.

7

8   **THE PARTIES**

9         40.    Plaintiff Debbie Chaves resides in Raynham, Massachusetts and has an intent to
10  remain there, and is therefore a domiciliary of Massachusetts.  Plaintiff Chaves purchased a
11  digital gift card item on August 3, 2021, upon which she was assessed a 6.25% sales tax in
12  violation of both Massachusetts law and her agreement with Amazon.

13        41.    Plaintiff Danielle Ward resides in West Seneca, New York and has an intent to
14  remain there, and is therefore a domiciliary of New York.  Plaintiff Ward purchased two digital
15  gift card items on August 9, 2021, upon which she was assessed an 8.75% sales tax in violation
16  of both New York law and her agreement with Amazon.

17        42.    Plaintiff Amanda Evens resides in Nichols, New York and has an intent to remain
18  there, and is therefore a domiciliary of New York.  Plaintiff Evans purchased a digital item on
19  August 16, 2021 and September 1, 2021, upon which she was assessed an 8.00% sales tax each
20  time in violation of New York law.

21        43.    Defendant Amazon.com Services LLC is a limited-liability corporation organized
22  under the laws of the State of Delaware with its principal place of business located at 410 Terry
23  Avenue North, Seattle, Washington 98109.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

**JURISDICTION AND VENUE**

44.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

45.     Defendant is an "unincorporated association" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Defendant is therefore "a citizen of the State where it has its principal place of business [Washington] and the State under whose laws it is organized [Delaware]." *See* 28 U.S.C. § 1332(d)(10).

46.     The Court has general personal jurisdiction over Amazon because Amazon maintains its principal place of business in this District. The Court also has personal jurisdiction over Amazon because Amazon's "Conditions of Use" states that "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."[16]

47.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Amazon resides in this District.

**CLASS ACTION ALLEGATIONS**

48.     This action is brought by Plaintiffs individually and on behalf of the following Nationwide Class pursuant to Federal Rules of Civil Procedure 23(b)(3):

---

[16] https://www.amazon.com/gp/help/customer/display.html?nodeId=508088&ref_=footer_cou

**The Digital Good Class,** defined as:  All persons or entities who (1) paid sales tax on a digital good sold on Amazon.com, and (2) purchased the digital good with a billing address in any state where the digital good should have been exempt from sales tax.

49.   Plaintiffs Chaves and Ward also bring this action individually and on behalf of the following Nationwide Class pursuant to Federal Rules of Civil Procedure 23(b)(3):

**The Gift Card Class,** defined as:  All persons or entities residing in the United States who paid sales tax on the purchase of a gift card sold on Amazon.com.

50.   Plaintiff Chaves also brings this action individually and on behalf of the following Massachusetts Subclasses pursuant to Federal Rules of Civil Procedure 23(b)(3):

**The Massachusetts Digital Good Subclass,** defined as:  All persons or entities who (1) paid sales tax on a digital good sold on Amazon.com, and (2) purchased the digital good with a billing address located in the Commonwealth of Massachusetts.

**The Massachusetts Gift Card Subclass,** defined as:  All persons or entities residing in Massachusetts who paid tax on a purchase of a gift card sold on Amazon.com.

51.   Plaintiffs Ward and Evans also bring this action individually and on behalf of the following New York Subclass pursuant to Federal Rules of Civil Procedure 23(b)(3):

**The New York Digital Good Subclass,** defined as:  All persons or entities who (1) paid sales tax on a digital good sold on Amazon.com, and (2) purchased the digital good with a billing address located in the State of New York.

52.   Plaintiffs Ward also brings this action individually and on behalf of the following New York Subclass pursuant to Federal Rules of Civil Procedure 23(b)(3):

**The New York Gift Card Subclass,** defined as:  All persons or entities residing in New York who paid tax on a purchase of a gift card sold on Amazon.com.

53.     Collectively, the Nationwide Classes and the State Subclasses are referred to as the "Classes."

54.     Excluded from the Classes are Amazon; any of its officers, directors, or employees; and its legal representatives, successors, and assigns.

55.     Plaintiffs reserve the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, inter alia, changing circumstances and new facts obtained.

56.     **Numerosity**. The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiffs reasonably estimate that there are hundreds of thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members are unknown to Plaintiffs, the true numbers of members of the Classes are known by Defendant.  Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

57.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes.  These common legal and factual questions include, but are not limited to, the following:

       (a)     whether Amazon improperly assessed a sales tax on digital goods purchased by Plaintiffs and members of the Classes;

(b)     whether the assessment of a sales tax on digital goods violates
        the laws of the Commonwealth of Massachusetts, the State of
        New York, and other states;

(c)     whether Amazon remitted the collected tax overcharges to the
        appropriate state taxing authorities;

(d)     whether Amazon acted knowingly and/or willfully;

(e)     whether Amazon breached its contract with consumers by
        charging an inapplicable sales tax; and

(f)     whether Plaintiffs and members of the Classes are entitled to
        damages, restitution, equitable relief, statutory damages,
        exemplary damages, and/or other relief.

58.     **Typicality.**  The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs, like all members of the Classes, purchased a digital good that should have been exempt from sales tax, but were nonetheless improperly charged a sales tax by Amazon.  The representative Plaintiffs, like all members of the Classes, have been damaged by Defendant's misconduct in the very same way as the members of the Classes.  Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

59.     **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Classes.  Plaintiffs have retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Classes.  Plaintiffs have no interests that are antagonistic to those of the Classes.

60.     **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered

by members of the Classes are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

61.     In the alternative, the Classes may be certified because:

(a)     the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

1

2

3

**CAUSES OF ACTION**

**COUNT I**
**Breach of Contract**

43.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

44.     Plaintiffs bring this claim individually and behalf of the members of the proposed Classes against Defendant.

45.     Plaintiffs bring this claim under Washington law in accordance with the Amazon Conditions of Use.

46.     Defendant entered into contracts with Plaintiffs and members of the Classes (pursuant to Amazon's Conditions of Use) to provide goods in the form of gift cards and other digital or intangible items in exchange for a set amount of money.

47.     Plaintiffs and members of the Classes paid for their purchases of digital goods and therefore performed their obligations under their contract with Amazon.

48.     Under the Conditions of Use, Plaintiffs and members of the Digital Goods Class, Massachusetts Digital Goods Subclass, and New York Digital Goods Subclass did not agree to pay non-applicable, improperly charged state sales taxes.

49.     Defendant breached these contracts by assessing a sales tax on the purchases of digital goods made by Plaintiffs and members of the Digital Goods Class, Massachusetts Digital Goods Subclass, and New York Digital Goods Subclass, even though said digital goods were not subject to sales tax under state law.

50.     Similarly, Plaintiffs Chaves, Ward, and members of the Gift Card Class,

Massachusetts Gift Card Subclass, and New York Gift Card Subclass did not agree to pay taxes on gift cards, which Amazon represented were not subject to tax.

51.     Defendant also breached these contracts by assessing a sales tax on the purchases of gift cards made by Plaintiffs Chaves, Ward, and members of the Gift Card Class, Massachusetts Gift Card Subclass, and New York Gift Card Subclass, even though Amazon represents in its Conditions of Use that it does not charge a sales tax on the purchase of gift cards.

52.     As a direct and proximate result of Amazon's breaches, Plaintiffs and members of the Classes have sustained damages in an amount to be determined at trial.

## COUNT II
### Violation Of The Washington Consumer Protection Act, RCW §§ 19.86.010, *et seq.*

53.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

54.     Plaintiffs bring this claim individually and behalf of the members of the proposed Classes against Defendant.

55.     Plaintiffs bring this claim under Washington law in accordance with the Amazon Conditions of Use.

56.      Plaintiffs and members of the Classes are "persons" within the meaning of Washington Consumer Protection Act, RCW 19.86.010(1).

57.     Defendant engaged in deceptive acts that occurred in trade or commerce by conduct set forth above.  These deceptive acts include the representation that the "taxes" charged

---

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

to Plaintiffs and members of the Classes were "sales tax" in accordance with applicable state laws.

58.     These deceptive acts also include Amazon's representation that "[n]o tax is charged when purchasing gift cards."

59.     Defendant's deceptive acts and practices have occurred in trade or commerce because they "include the sale of assets or services."  RCW 19.86.101(2).

60.     The Washington Consumer Protection Act ("WCPA") is applicable to Plaintiffs and all members of the putative Classes because Amazon's Conditions of Use state, "By using any Amazon Service, you agree that applicable federal law, **and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise** between you and Amazon."[17]

61.     Defendant's deceptive acts or practices have impacted the public interest because they have injured Plaintiffs and members of the Classes by representing that the "taxes" charged by Amazon were the result of properly assessed "sales tax."

62.     Defendant deceived Plaintiffs and members of the Classes by representing that the "taxes" charged by Amazon were the result of properly assessed "sales tax."

63.     Plaintiffs and members of the Classes lost money or property as a result of Defendants' WCPA violations because Plaintiffs and members of the Classes did not agree to pay non-applicable, improperly charged state taxes.

---

[17] CONDITIONS OF USE, https://www.amazon.com/gp/help/customer/display.html/?node Id=GLSBYFE9MGKKQXXM (emphasis added)

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-01213-JCC

BURSOR & FISHER, P.A.
1990 NORTH CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596

-21-

64.     When Amazon charged Plaintiffs and members of the Classes additional monies attributable to sales tax even though the purchases of digital goods were not taxable under and were not imposed by state law, Amazon charged an inapplicable tax that Plaintiffs and members of the Classes did not agree to pay.

65.     Defendant's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiffs and members of the Classes, particularly because Defendant continues to charge non-applicable, improperly charged state taxes.  Thus, Plaintiffs, members of the Classes, and any member of the public at large who purchases digital items in the future are suffering and will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

66.     Plaintiffs and members of the Classes are entitled to recover actual damages, treble damages, and injunctive and equitable relief.  In addition, Plaintiffs and members of the Classes are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

## COUNT III
### Violation Of The Massachusetts Unfair and Deceptive Business Practices Act
### Mass. Gen. Laws Ch. 93A § 9

67.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

68.     Plaintiff Chaves brings this claim individually and behalf of the members of the proposed Massachusetts Subclasses against Defendant.

69.     Section 2 of Chapter 93—the Massachusetts Unfair and Deceptive Business Practices Act ("MUDBPA")—prevents the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."  An act is "deceptive" under Chapter 93A "if it could

reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Tagliente v. Himmer*, 949 F.2d 1, 7 (1st Cir. 1991).

70.     Section 9 provides: "Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper … Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons."

71.     Pursuant to the definitions codified at Chapter 93A § 1, Defendant is a "person," and Defendant is engaged in "trade" and "commerce" in Massachusetts by offering for sale the digital goods and gift cards that directly or indirectly affect the people of Massachusetts.

72.     By engaging in the acts and omissions alleged above and incorporated herein, Defendant has engaged and continues to engage in unfair or deceptive acts or practices in the conduct of trade or commerce.

73.     As alleged above and incorporated herein, Defendant's affirmative representations that its assessment of sales tax complied with the laws of a given state, and that it would not assess a sales tax on the purchase of a gift card, are patently false.

74.     Defendant's misrepresentations deceive and have a tendency to deceive a reasonable consumer and the general public.

75.     Defendant's misrepresentations are material, in that a reasonable person would

attach importance to the information and would be induced to act on the information in making purchase decisions.

76.     Plaintiff Chaves and members of the Massachusetts Subclasses reasonably relied upon Defendant's affirmative statements when they purchased the Item, or another digital good or gift card.

77.     Defendant's misconduct caused Plaintiff Chaves and members of the Massachusetts Subclass to suffer an injury, adverse consequence, or loss. For example, and without limitation, Defendant's deceptive acts caused Plaintiff Chaves and members of the Massachusetts Subclass to incur a 6.25% sales tax on the purchase of digital goods and/or gift cards, improperly inflating the purchase of said goods by over 6%.

78.     Plaintiff Chaves and members of the Massachusetts Subclass have been harmed by the sales tax paid out-of-pocket for the digital goods and/or gift cards.

79.     The MUDBPA represents a fundamental public policy of the Commonwealth of Massachusetts.

80.     For each loss, Plaintiff Chaves and each member of the Massachusetts Subclass may recover an award of actual damages or twenty-five dollars, whichever is greater.  Ch. 93A § 9(3).

81.     Because Defendant acted willfully or knowingly, Plaintiff Chaves and each member of the Massachusetts Subclasses may recover up to three but not less than two times this amount.  In addition, Plaintiff Chaves may recover attorneys' fees and costs.

82.     Plaintiff Chaves and the members of the Massachusetts Subclasses may also pray for the imposition of injunctive relief which limits and polices Defendant's representations

within or reaching Massachusetts. The balance of the equities favors the entry of permanent

injunctive relief against Defendant.  Plaintiff Chaves, members of the Massachusetts Subclasses,

and the general public will be irreparably harmed absent the entry of permanent injunctive relief

against Defendant.  Plaintiff Chaves, members of the Massachusetts Subclasses, and the general

public lack an adequate remedy at law.  A permanent injunction against Defendant is in the

public interest. Defendant's unlawful behavior is capable of repetition or re-occurrence absent

the entry of a permanent injunction.

83.     In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), Plaintiff Chaves's counsel

served Defendant with written notice of its violation of Ch. 93A and a demand for relief on

September 9, 2021.  Defendant did not make a written tender of settlement or otherwise respond

to the demand for relief.  A true and correct copy of the letter is attached hereto as **Exhibit A.**

<u>**COUNT IV**</u>
**Violation of New York General Business Law § 349**

84.     Plaintiffs incorporate by reference and re-allege each and every allegation set

forth above as though fully set forth herein.

85.     Plaintiffs Ward and Evans bring this claim individually and on behalf of members

of the New York Subclasses against Defendant.

86.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive

acts and practices by falsely representing that its assessment of sales tax complied with the laws

of a given state, and falsely representing that it would not assess a sales tax on the purchase of a

gift card.

87.     The foregoing deceptive acts and practices were directed at consumers.

88.     The foregoing deceptive acts and practices are misleading in a material way because under New York law, no sales tax should be assessed on digital goods.  Further, Defendant represented in its terms that "[n]o tax is charged when purchasing gift cards." Nonetheless, Defendant improperly assessed sales tax on Plaintiffs' and the Classes' purchases.

89.     Defendant's representations were material to Plaintiffs Ward and Evans, and to members of the New York Subclasses, because they were overcharged 8% or more on their purchases.

90.     Defendant alone possessed the knowledge that the purchases made by Plaintiffs Ward and Evans, and by members of the New York Subclasses, should have been tax exempt.

91.     Plaintiffs Ward and Evans, and members of the New York Subclasses, were injured as a result of Defendant's deceptive conduct because (a) they would not have purchased the digital goods from Defendant had they known the digital goods would not be tax exempt, and (b) they overpaid for the digital good on account of Defendant's improper assessment of a sales tax and/or Defendant's representations that Defendant would not charge a sales tax on gift card purchases.

92.     On behalf of themselves and other members of the New York Subclasses, Plaintiffs Ward and Evans seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## <u>COUNT V</u>
### Violation of New York General Business Law § 350

93.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

| FIRST AMENDED CLASS ACTION COMPLAINT | BURSOR & FISHER, P.A. |
|---|---|
| CASE NO. 2:21-CV-01213-JCC | 1990 NORTH CALIFORNIA BLVD., SUITE 940 |
| | WALNUT CREEK, CA 94596 |

94.     Plaintiffs Ward and Evans brings this claim individually and on behalf of members of the New York Subclasses against Defendant.

95.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way, which constitutes false advertising in violation of New York General Business Law § 350 by falsely representing that its assessment of sales tax complied with the laws of a given state, and falsely representing that it would not assess a sales tax on the purchase of a gift card.

96.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

97.     These representations resulted in consumer injury or harm to the public interest.

98.     Defendant alone possessed the knowledge that the purchases made by Plaintiffs Ward and Evans, and by members of the New York Subclasses, should have been tax exempt.

99.     As a result of Defendant's misrepresentations, Plaintiffs Ward and Evans, and members of the New York Subclasses, have suffered economic injury because (a) they would not have purchased the digital goods from Defendant had they known the digital goods would not be tax exempt, and (b) they overpaid for the digital good on account of Defendant's improper assessment of a sales tax and/or Defendant's representations that Defendant would not charge a sales tax on gift card purchases.

100.    On behalf of themselves and other members of the New York Subclasses, Plaintiffs Ward and Evans seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiffs as the representatives for the Classes, and naming Plaintiffs' attorneys as Class Counsel;

(b)     For an order declaring the Defendant's conduct violates the causes of action referenced herein;

(c)     For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims asserted in this complaint so triable.

1  Dated: October 8, 2021                     Respectfully submitted,

2                                             **CARSON NOEL PLLC**

3                                             By:  _/s/ Wright A. Noel_
4                                                     Wright A. Noel

5                                             20 Sixth Avenue NE
                                              Issaquah, WA 98027
6                                             Telephone: (425) 837-4717
                                              Facsimile:  (425) 837-5396
7                                             E-Mail: wright@carsonnoel.com

8                                             **BURSOR & FISHER, P.A.**
9                                             L. Timothy Fisher (*Pro Hac Vice*)
                                              1990 N. California Blvd., Suite 940
10                                            Walnut Creek, CA 94596
                                              Telephone: (925) 300-4455
11                                            Facsimile: (925) 407-2700
                                              E-Mail: ltfisher@bursor.com
12

13                                            **BURSOR & FISHER, P.A.**
                                              Max S. Roberts (*Pro Hac Vice*)
14                                            Matthew A. Girardi (*Pro Hac Vice Forthcoming*)
                                              Julian C. Diamond (*Pro Hac Vice Forthcoming*)
15                                            888 Seventh Avenue, Third Floor
16                                            New York, NY 10019
                                              Telephone: (646) 837-7150
17                                            Facsimile:  (212) 989-9163
                                              E-Mail: mroberts@bursor.com
18                                                      mgirardi@bursor.com
19                                                      jdiamond@bursor.com

20                                            *Attorneys for Plaintiff*

21

22

23

24

25

26  FIRST AMENDED CLASS ACTION COMPLAINT                BURSOR & FISHER, P.A.
    CASE NO. 2:21-CV-01213-JCC               1990 NORTH CALIFORNIA BLVD., SUITE 940
27                                                   WALNUT CREEK, CA 94596

28                              -29-

1

### DECLARATION OF SERVICE

2

I hereby declare that on October 8, 2021, I electronically filed the foregoing with the Clerk

3

of Court using the CM/ECF system which will send notification of such filing to the following:

4

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Brian D. Buckley<br>Fenwick & West LLP<br>1191 Second Avenue, 10th Floor<br>Seattle, WA 98101<br>bbuckley@fenwick.com<br><br>*Attorneys for Defendant* | ☒ CM/ECF<br>☐ E-mail<br>☐ Hand Delivery<br>☐ US Mail<br>☐ Facsimile |

11

12

*/s/Dana Carrothers*

13

14

15

16

17

18

19

20

21

22

23

24

25

26  FIRST AMENDED CLASS ACTION COMPLAINT                    BURSOR & FISHER, P.A.
    CASE NO. 2:21-CV-01213-JCC                              1990 NORTH CALIFORNIA BLVD., SUITE 940
27                                                          WALNUT CREEK, CA 94596

28                                        -30-