UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBBIE CHAVES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, <br><br> Defendant. | CASE NO. C21-1213-TL-BAT <br><br> **REPORT AND RECOMMENDATION** |

In their Second Amended Complaint, class action plaintiffs allege breach of contract and violations of Massachusetts, New York, and Washington consumer protection laws because defendant Amazon.com Services LLC ("Amazon") collected state-based sales tax on their purchases of a gift card for the digital currency Robux (used within the gaming world of *Roblox*) and for a PlayStation Plus 1-Month Membership delivered via digital code. Dkt. 25 (Second Amended Complaint, hereinafter "SAC").[1] Amazon moves to dismiss because plaintiffs have failed to raise a plausible claim that plaintiffs were improperly charged sales tax on non-taxable items and, regardless of whether the tax was improperly levied, Amazon did not breach their

---

[1] The Second Amended Complaint contains the double-numbering of paragraphs. The paragraphs are numbered consecutively until paragraph 73, then numbering restarts at 43 on page 22. For clarity, the Court will refer to the paragraph and page number for the *second* set of double-numbered paragraphs. For example, SAC ¶ 43 refers to the first paragraph 43 while SAC ¶ 43 (p. 22) refers to the second instance of paragraph 43.

REPORT AND RECOMMENDATION - 1

contract with customers or violate state consumer protection laws by collecting sales tax such that any disputes are preempted by state administrative procedures for aggrieved taxpayers. Dkt. 27. The Court finds that plaintiffs have failed to raise a plausible claim that Amazon improperly levied a sales tax on their purchases of Robux digital currency and a PlayStation digital membership card. FED. R. CIV. P. 12(b)(6). Plaintiffs' claims of breach of contract and violations of state consumer protection laws necessarily fail because the allegations in the Second Amended Complaint demonstrate that Amazon informed plaintiffs that such taxes would be collected, conveyed no false or misleading information, and did not fail to remit the taxes to state authorities. The Court thus need not reach the question of whether an improperly collected tax would nonetheless be preempted by state administrative proceedings. The Court recommends **GRANTING** Amazon's motion to dismiss and **DISMISSING** this matter with prejudice and without leave to amend because plaintiffs have amended their complaint twice and any further amendment would be futile. Dkt. 27. Amazon's prior motion to dismiss the First Amended Complaint should be **STRICKEN** as moot. Dkt. 18.

## BACKGROUND

In August 2021, Massachusetts resident plaintiff Debbie Chaves purchased on amazon.com a "Roblox Gift Card – 800 Robux [Includes Exclusive Virtual Item] [Online Game Code]" ("800 Robux Card"), which has a retail price $10. SAC ¶¶ 8–9. In the same month, New York resident plaintiff Danielle Ward purchased on amazon.com two of the same 800 Robux Cards. SAC ¶ 18. Plaintiffs allege that neither Ms. Chaves nor Ms. Ward should have been charged sales tax on those purchases because the 800 Robux Cards qualify as gift cards and Amazon's policy is not to charge sales tax on the purchase of gift cards. SAC ¶¶ 5, 13, 21. Moreover, they allege that the 800 Robux Cards are "digital goods," which should not be taxed

under the relevant state laws. SAC at ¶¶ 15–16.

In August and September 2021, New York resident plaintiff Amanda Evans purchased on amazon.com a "PlayStation Plus: 1 Month Membership [Digital Code]" ("PlayStation Membership Card"), which displayed a retail price of $9.99. SAC ¶¶ 24–25. Plaintiffs allege that Ms. Evans should not have been charged sales tax on the PlayStation Membership Card because New York does not collect sales tax on digital goods and the membership card functions "as a gift card in the practical sense." SAC ¶¶ 25–26.

Plaintiffs thus bring allegations that Amazon improperly charged state sales tax on behalf of two classes. First, the "Digital Good Class," all persons or entities who purchased a "digital good" with a billing address in any state where the item should have been exempt from sales tax. SAC ¶ 60. Second, the "Gift Card Class," all persons or entities who paid sales tax on the purchase of a gift card sold on amazon.com. SAC ¶ 61. Although the three class representatives purchased their products directly from Amazon, they allege that "for at least part of the class period, Amazon did not remit collected sales tax to the relevant state authorities. Rather, *when it collected taxes for products sold by merchants*, it instead sent the collected taxes to those merchants (if at all), who were then responsible for remitting the taxes." SAC ¶ 40 (emphasis added).

Plaintiffs assert federal diversity jurisdiction: at least one class member is a citizen of a state different from Amazon, which has its principal place of business in Washington and was incorporated in Delaware, and the amount in controversy exceeds $5 million for a class comprised of more than 100 members. SAC ¶¶ 56–57. All sales through amazon.com are subject to Amazon's Conditions of Use ("COUs"), which govern the relationship between Amazon and its customers. Plaintiffs invoke and rely on the COUs throughout the Second Amended

REPORT AND RECOMMENDATION - 3

1 Complaint. *See, e.g.*, SAC ¶¶ 3–5, 31, 37, 58, 45–48 (p. 22), 51 (p. 23), 55 (p. 23), 60 (p. 24). They also rely on and incorporate into the Second Amended Complaint policies in Amazon's "Help & Customer Service" pages. SAC ¶ 3 n.2, ¶5 n. 4.

## DISCUSSION

Plaintiffs fail to raise a plausible claim that Amazon improperly charged them state sales tax on 800 Robux Cards or PlayStation Membership Cards because the allegations in the Second Amended Complaint demonstrate that the items are, regardless of self-labeling, neither monetary "gift cards" nor "digital goods" exempt from taxation. Moreover, plaintiffs cannot plausibly allege that Amazon, the seller of the items, remitted the collected taxes to anyone other than state taxing authorities. To the extent plaintiffs propose an alternative and novel interpretation of state tax laws or seek redress for overcollection of taxes based on that interpretation, their concerns should not be raised in federal court against Amazon. Amazon's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss should be granted without leave to amend because the complaint has been twice amended and any further amendment would be futile. Dkt. 27; *see* Dkts. 13, 25.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### I. Neither Product Qualifies as an Untaxable Gift Card

Amazon contends that the allegations in the Second Amended Complaint demonstrate that neither the 800 Robux Cards nor PlayStation Membership Cards qualify as non-taxable gift cards. The Court agrees.

Under state law, Amazon must collect sales tax on applicable transactions. *See* Mass. Gen. Laws ch. 64H, § 3; N.Y. Tax Law § 1131. With respect to gift cards, however, Amazon's policies state: "No tax is charged when purchasing gift cards; however, purchases paid for with gift cards may be subject to tax." SAC ¶ 5.[2] A "gift card" is "a card or token that can be exchanged for a specified cash value of goods or services from a particular business, given as a gift." OXFORD DICTIONARY OF ENGLISH (2021). The rationale behind exempting gift cards from taxation is that they retain a specified cash value and thus a taxable event occurs only if and when those funds are utilized to purchase an item in the future. Plaintiffs allege that Amazon

---

[2] *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=202036190 (last accessed May 23, 2022).

REPORT AND RECOMMENDATION - 5

improperly charged state sales tax (1) on the purchase of the 800 Robux Card because the product labels itself as a gift card, and (2) on the purchase of the PlayStation Membership Card because it is the functional equivalent of a gift card. SAC ¶¶ 9–13, 21–23, 26. Plaintiffs are incorrect on both counts.

First, the Second Amended Complaint demonstrates that, regardless of the product's self-labelling as a "Digital Gift Card," the 800 Robux Card is not a monetary gift card because what is purchased is imaginary game currency in the amount of 800 Robux, *not* $10 to be used to purchase items in the Roblox store. As the screenshot in the Second Amended Complaint makes clear, the actual item that is being purchased is "800 Robux," such that the additional descriptor of $10 is the suggested retail price to purchase 800 Robux rather than the cash value of the card itself.³ SAC ¶ 8. The title shows that what is being purchased is not $10 cash value at the Roblox store; it is "800 Robux." *Id.* The cards sold by Amazon are not issued in denominations of U.S. currency; rather, the cards are issued in denominations of Robux: 800, 2,000, 4,500, and 10,000. *Id.* In other words, when an Amazon customer buys an 800 Robux Card, what the customer purchases is 800 Robux, the imaginary currency that can then be used within the game Roblox to buy virtual items.⁴ Plaintiffs ask that the Court take judicial notice of the Roblox website because

---

[3] The screenshot in the Second Amended Complaint lists no url address and there is no indication of when the page was accessed. Nonetheless, the Court takes judicial notice that accessing the product page on May 23, 2022 showed a suggested retail price of $10 with an actual price of $9.40. *See* https://www.amazon.com/Robux-Roblox-Online-Game-Code/dp/B07RZ74VLR?ref_=ast_sto_dp&th=1&psc=1 (last accessed May 23, 2022).

[4] In opposition to the motion to dismiss, plaintiffs attached a screenshot of a $10 Roblox gift card purchased at GameStop in support of a contention that GameStop properly does not tax gift cards while Amazon improperly does. Dkt. 32-1, at 2. As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion because if extrinsic evidence is considered and not excluded, the motion is treated as a motion for summary judgment. FED. R. CIV. P. 12(d). The two exceptions are: (1) material which is properly submitted as part of the complaint; and (2) judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court would be remiss, however, if it

it was cited and relied upon in the Second Amended Complaint and is therefore incorporated by reference. Dkt. 31, at 5 n.6.[5] The Roblox website notes that, unlike the gift cards issued in real currency denominations via other retailers, "Amazon Digital Gift Cards only grant Robux and cannot be used toward a Premium subscription."[6] Moreover, the Roblox website specifies, "When you buy Robux you receive only a limited, non-refundable, non-transferable, revocable license to use Robux, *which has no value in real currency*."[7]

In other words, once customers buy 800 Robux Cards, they have already exchanged money for Roblox game items, which may then be used as a form of exchange in the virtual

---

did not indicate that plaintiffs' submitted extrinsic evidence taken as true contradicts plaintiffs' position. The GameStop gift card is dissimilar from the 800 Robux Card. The GameStop product is a *Roblox* gift card in the amount of $10, which may then be used like cash to purchase items such as a Premium Subscription or *Robux*. Dkt. 32-1, at 2.

[5] In the Second Amended Complaint, plaintiffs refer to the Roblox game, Roblox as a merchant, and to the Roblox store but not to the policies on the Roblox website. *See* SAC ¶¶ 10, 41. Nevertheless, the Court construes the Complaint's allegations in the light most favorable to plaintiffs and therefore presumes that plaintiffs have incorporated by reference the Roblox website as forming the basis of plaintiffs' claims. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document itself forms the basis of the plaintiff's claim."); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference complete copies of websites where the complaint included only excerpts because "[i]n evaluating the context in which the statement appeared, we must take into account 'all parts of the communication that are ordinarily heard or read with it.'") (citing RESTATEMENT (SECOND) OF TORTS § 563 cmt. d (1977)). Moreover, the Court takes judicial notice that it is easy to verify through the Roblox website how Robux are purchased and used.

[6] https://www.roblox.com/giftcards?location=us (last accessed May 23, 2022). The Court notes that amazon.com product page for the 800 Robux Cards, which is included as a screenshot in paragraph 8 of the Second Amended Complaint and is therefore incorporated by reference, also notes that "This product grants Robux and cannot be used for a Roblox Premium purchase." https://www.amazon.com/Robux-Roblox-Online-Game-Code/dp/B07RZ74VLR?ref_=ast_sto_dp&th=1&psc=1 (last accessed May 23, 2022). The screenshot is, however, cropped before that sentence is set forth. *See* SAC ¶ 8.

[7] https://www.roblox.com/upgrades/robux?ctx=nav (last accessed May 23, 2022) (emphasis added).

REPORT AND RECOMMENDATION - 7

1  game world. This is why plaintiffs' citations to the Electronic Fund Transfer Act ("EFTA") and

2  Section 396-i of New York's General Business Law do not assist their position that the 800

3  Robux Cards are untaxable monetary gift cards. *See* SAC ¶¶ 10–12. First, as Amazon notes, the

4  EFTA and Section 396-i do not address whether gift cards are taxable; rather, they set forth

5  disclosure and other requirements for the terms and conditions of gift cards/gift certificates. *See*

6  12 C.F.R. § 1005.20(c)–(f); N.Y. Gen. Bus. Law § 396-i(3). Second, and more tellingly, nothing

7  in these provisions suggests that the 800 Robux Cards are the kinds of "gift cards" or "gift

8  certificates" that are issued "in a specified amount" and then later redeemable for their value in

9  "goods or services." *See* 12 C.F.R. § 1005.20(a); N.Y. Gen. Bus. Law § 396-i(1). Although

10  plaintiffs allege that the 800 Robux Card meets the definition of a gift card because it is issued in

11  a "specified amount of 'virtual currency,'" SAC ¶ 10, the Roblox website itself notes that Robux

12  "have no value in real currency."[8] Robux *are* the goods or services that have been purchased.[9] A

13  June 2015 advisory opinion from the New York State Department of Taxation and Finance

14  ("NYSDTF") clarifies that products such as the 800 Robux Cards do not qualify as gift cards for

15  tax purposes. *See* Petition No. S100920A, NYSDTF Office of Counsel Advisory Opinion Unit

16  (2015) (hereinafter "NYSDTF Advisory Opinion").[10] There the petitioner sought guidance from

17  the NYSDTF regarding whether certain categories of electronic products, including video game

18  software, is subject to sales tax: (1) "Subscription Cards" that allow the customer to access

19  online gaming networks for a specified period of time for game play, interaction with other game

---

[8] https://www.roblox.com/upgrades/robux?ctx=nav (last accessed May 23, 2022).

[9] As Amazon notes, Dkt. 33, at 5 n. 3, although plaintiffs assert that the 800 Robux Cards should be untaxable because Roblox calls them "gift cards," Dkt. 31, at 2–3, it would be untenable to permit sellers to name any product a "gift card" and thereby exempt themselves from remitting sales tax.

[10] Available at https://www.tax.ny.gov/pdf/advisory_opinions/sales/a15_25s.pdf.

REPORT AND RECOMMENDATION - 8

players on that network, access to pre-written gaming software, and the direct download of such software to a customer's computer gaming console or other device; (2) "Point Cards" that "contain point values that are used to access aspects of the on-line gaming software (such as additional levels or enhanced game play) or that may be redeemed to access a gaming application, related software or access to digital content on a specific third-party gaming network for a period of time"; and (3) "Dollar Value Cards" that contain "a specific face value dollar amount (such as for $20.00) that will be used to purchase additional game content in a manner similar to the Points Cards." NYSDTF Advisory Opinion, at 2. The NYSDTF determined that Subscription and Points Cards are subject to state sales tax, but Dollar Value Cards are not. *Id.* at 3–4. The sale of Dollar Value Cards is not taxable because the "taxable sale occurs when the certificate is presented in exchange for the purchase of taxable property or services." *Id.* at 4. There is no such secondary, taxable transaction associated with Subscription and Point Cards, which are not denominated in dollars and "entitle the user to access a specific gaming network for a specified amount of time for the express purpose of accessing the pre-written gaming software offered by that network." *Id.* at 3. The sale of Subscription and Point Cards *is* the taxable event. *Id.* Similarly, the Roblox website explicitly referenced by plaintiffs indicates that 800 Robux Cards function as taxable Points Cards, denominated in Robux, that entitle the user to access aspects of the gaming system not otherwise available.[11]

Second, in opposing the motion to dismiss, plaintiffs appear to have abandoned their assertion from the Second Amended Complaint that the PlayStation Membership Cards "function as a gift card in the practical sense." *Compare* SAC ¶ 26 *with* Dkt. 31, at 8. This was a rational decision because the PlayStation Membership Cards bear no indicia of functioning as

---

[11] *See* https://www.roblox.com/upgrades/robux?ctx=nav (last accessed May 23, 2022).

REPORT AND RECOMMENDATION - 9

monetary gift cards. Rather, as described in the NYSDTF Advisory Opinion, the PlayStation Membership Cards fit the definition of taxable Subscription Cards that permit access to the software. *See* NYSDTF Advisory Opinion, at 3.

In the Second Amended Complaint, plaintiffs have failed to raise a plausible claim that the 800 Robux Cards and PlayStation Membership Cards qualify as gift cards exempt from state sales tax. As a result, they are unable to maintain plausible claims for breach of contract or for violations of the state consumer protection acts.

II. **Neither Product Qualifies as an Untaxable "Digital Good" or "Virtual Good"**

Amazon argues that the allegations in the Second Amended Complaint demonstrate that neither the 800 Robux Cards nor the PlayStation Membership Cards are untaxable "digital goods" or "virtual goods." *See, e.g.*, SAC ¶¶ 8, 10, 25–26. The Court agrees because both New York and Massachusetts tax the sale of access to prewritten software, which is what the products permit.

Plaintiffs argue with no citation to authority that "digital goods" or "virtual goods" such as the 800 Robux Cards and PlayStation Membership Cards may not be taxed under New York or Massachusetts law. *See, e.g.*, SAC ¶¶ 8, 10, 25–26. This is incorrect. In New York, "tangible personal property" that is subject to sales tax includes such items as "prewritten (canned/off-the-shelf/standard) computer software (whether transferred by CD-ROM, Internet download, remote access, etc.)." NYSDTF, Tax Bulletin, TB-ST-740 (Feb. 1, 2019), at 1;[12] *see* N.Y. Tax Law § 1101(b)(6) (2021) (noting that the term "tangible personal property" encompasses "pre-written computer software, whether sold as part of a package, as a separate component, or otherwise, and regardless of the medium by means of which such software is conveyed to a purchaser").

---

[12] *Available at* https://www.tax.ny.gov/pdf/tg_bulletins/sales/b19-740s.pdf.

REPORT AND RECOMMENDATION - 10

"Prewritten computer software" includes "any computer software that is not designed and developed to the specifications of a particular purchaser" and "is taxable whether sold: on a disk or other physical medium; by electronic transmission; or by remote access." NYSDTF, Tax Bulletin, TB-ST-128 (Aug. 5, 2014).[13] "[C]omputer games . . . are prewritten software products" subject to tax as the sale of personal property, and the sale of access codes or points "to access online gaming networks for a specified period of time for game play" or "access [] pre-written gaming software" are considered pre-written software subject to sales tax. NYSDTF Advisory Opinion, at 2. In Massachusetts, sales of online "game[s] to purchasers in Massachusetts are taxable sales of prewritten software" and this includes "sales effected in any of the following ways regardless of the method of delivery, including electronic delivery or load and leave: licenses and leases, transfers of rights to use software installed on a remote server, upgrades, and license upgrades." 830 Code Mass Regs. § 64H.1.3(3)(a), 64H.1.3(5). Thus, "sales of subscriptions for [] online products constitute[] sales of tangible personal property" because the method of delivery, whether "virtual delivery of software via remote access rights" or otherwise, was immaterial. *Citrix Systems, Inc. v. Commissioner of Revenue*, 139 N.E.3d 293, 299 (Mass. 2020).

      As discussed earlier, plaintiffs ask the Court to incorporate the Roblox website into the Second Amended Complaint, Dkt. 31, at 5 n.6, and the Roblox website makes clear that what a customer receives in buying Robux is "only a limited, non-refundable, non-transferable, revocable license to use Robux," i.e., access to an online gaming feature.[14] The 800 Robux Card is therefore taxable as tangible property under New York and Massachusetts law. Similarly, the

---

[13] *Available at* https://www.tax.ny.gov/pdf/tg_bulletins/sales/b14_128s.pdf

[14] https://www.roblox.com/upgrades/robux?ctx=nav (last accessed May 23, 2022).

REPORT AND RECOMMENDATION - 11

Second Amended Complaint describes a PlayStation subscription as a digital code that, "when input, provides a subscription to PlayStation's online service." SAC ¶ 26. The product page for the PlayStation Membership Card provides that a PlayStation subscription allows users to "get PlayStation games to download every month." Dkt. 28-1, at 2. The PlayStation Membership Card is also taxable as tangible property under New York and Massachusetts law.

In the Second Amended Complaint, plaintiffs have failed to raise a plausible claim that the 800 Robux Cards and PlayStation Membership Cards qualify as "digital goods" or "virtual goods" exempt from state sales tax. As a result, they are unable to maintain plausible claims for breach of contract or for violations of the state consumer protection acts.

### III. No Breach of Contract or Violation of State Consumer Protection Laws

Plaintiffs have failed to raise a plausible claim that Amazon was not required to collect sales tax for the 800 Robux Cards or the PlayStation Membership Card. This fact defeats plaintiffs' claims for breach of contract and violations of New York, Massachusetts, and Washington consumer protection laws. Amazon discloses in its Help pages that it will collect sales tax, including on in-game currency (such as Robux) and on gaming subscriptions (such as PlayStation Memberships).[15] The screenshots of the receipts in the Second Amended Complaint show the exact amount of taxes that were being collected on their purchases of the 800 Roblox Cards and PlayStation Membership Cards. SAC ¶¶ 13, 21, 27, 33–34. Amazon neither violated its own stated policies regarding taxation nor engaged in false, misleading, or deceptive practices by stating that state law might require it to collect sales tax on items such as in-game currency and gaming subscriptions, and then accurately collecting the state sales tax according to the rates

---

[15] Amazon.com, *Tax on Digital Products and Services*, https://www.amazon.com/gp/help/customer/display.html?nodeId=202074730 (last accessed May 23, 2022).

REPORT AND RECOMMENDATION - 12

in New York and Massachusetts. Plaintiffs contend that that Amazon may have remitted the collected sales tax to third-party merchants instead of to state taxing authorities. ¶¶ 40–46. That claim is contradicted by the Second Amended Complaint itself. It is undisputed that plaintiffs' claims here do not involve third party sales because plaintiffs purchased the products directly from Amazon as the retailer. *See* SAC ¶¶ 8, 21, 27 (showing products sold by Amazon Services, LLC).

Plaintiffs have failed to raise a plausible claim that Amazon engaged in any wrongdoing by collecting sales tax on the 800 Robux Cards and the PlayStation Membership Cards. Thus, if plaintiffs contend that New York and Massachusetts should not be charging sales tax on these products, they should address their concerns to state legislators and state tax authorities.

## CONCLUSION

The Court recommends **GRANTING** Amazon's motion to dismiss and **DISMISSING** this matter with prejudice and without leave to amend because plaintiffs have amended their complaint twice and any further amendment would be futile. Dkt. 27. Amazon's prior motion to dismiss the First Amended Complaint should be **STRICKEN** as moot. Dkt. 18.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 6, 2022.** The Clerk should note the matter for **June 10, 2022** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the

REPORT AND RECOMMENDATION - 13

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **eighteen (18) pages**. The failure to timely object may affect the right to appeal.

DATED this 23rd day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge