UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBBIE CHAVES, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-01213-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　　This matter comes before the Court on the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 36) ("the Report"), and Plaintiffs' Objection to the Report and Recommendation (Dkt. No. 39). Having reviewed the Report, Plaintiffs' objections, Defendant's Response to Plaintiffs' Objection (Dkt. No. 40), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

## I. BACKGROUND

Plaintiffs bring a civil class action lawsuit alleging a breach of contract and violations of Massachusetts, New York, and Washington consumer protection laws by Defendant Amazon.com Services LLC ("Amazon") for collecting state-based sales tax on their purchases of: (1) a gift card for digital currency Robux used in the video game Roblox; and (2) a PlayStation Plus 1-Month Membership. Dkt. No. 25. Plaintiffs have amended their Complaint a total of three times. They originally filed the suit on September 7, 2021 (Dkt. No. 1), and filed a First Amended Complaint ("FAC") on October 8, 2021 (Dkt. No. 13). After Defendants filed a motion to dismiss the FAC, the Parties notified the Court of Plaintiffs' intention to file another amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Dkt. No. 23 at 2. Plaintiffs filed a Second Amended Complaint ("SAC") on December 30, 2021 (Dkt. No. 25). At issue is Defendant's motion to dismiss the SAC. Dkt. No. 27. The Report provides a further accounting of the facts in this case (Dkt. No. 36 at 2–4), with which the Court will assume familiarity and so will not repeat them here.

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files

1  "specific written objections" to the report and recommendation as required under Federal Rule of
2  Civil Procedure 72(b)(2).

### III.   DISCUSSION

The Court has reviewed the Report as well as Plaintiffs' timely filed objections and Defendant's response to the objections.

**A.   PlayStation Membership Cards Claim**

As an initial matter, the Report notes that Plaintiffs appear to have abandoned their allegation that the PlayStation Membership Cards are functionally gift cards as, in their response to Defendant's motion to dismiss, they only raise an argument that they are "digital good[s]." Dkt. No. 36 at 9. The Report then goes on to analyze whether the Play Station Membership Cards qualify as "digital goods" or "virtual goods," ultimately finding that they do not. *Id.* at 10–12. In their objections, Plaintiffs only mention the PlayStation Membership Cards three times in passing. Dkt. No. 39 at 5, 16. Plaintiffs do not address the PlayStation Membership Cards at all in the sections challenging the Report's findings as to what qualifies as a gift card, digital good, or virtual good. *Id.* at 7–15. Even the headings in the table of contents only address the Robux Gift Card, making no mention of the PlayStation Membership Cards. *Id.* at 2.

A district court is only obligated to make a de novo determination "of specified proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). As Plaintiffs do not address the substantive findings regarding the PlayStation Membership Cards in the Report, the Court ADOPTS the findings with regard to the Play Station Membership Cards and DISMISSES with prejudice all claims based on the PlayStation product. As a result, the Court also DISMISSES from the case Plaintiff Amanda Evans, who is only alleged in the SAC to have purchased a PlayStation Membership Card. Dkt. No. 25 at 8–12.

ORDER ADOPTING REPORT
AND RECOMMENDATION - 3

B.     **Robux Gift Cards Claim**

In their objections, Plaintiffs largely repeat arguments they made in their response to Defendant's motion to dismiss except for three points: (1) the Report's discussion regarding Defendant's self-labeling of the 800 Robux Card as a "Digital Gift Card"; (2) the Report's omission of a discussion of Massachusetts tax law concerning gift cards; and (3) Plaintiffs' request to stay a ruling under the primary jurisdiction doctrine. The Court will address each of these in turn. However, after a *de novo* review of the Report, the Court ADOPTS the Report's methodical and thorough analysis that rejects Plaintiffs' remaining arguments.

1.     **Defendant's Self-Labeling**

In their objection, Plaintiffs assert that "the product's self-labeling should control." The only authority they cite for this provision is an article which states that "'sales tax law is *usually* "form" driven,' except in certain contexts like lease transactions." Dkt. No. 39 at 7 (quoting Charles Kearns & Michael J. Kerman, *Sales Tax Considerations In Financing Transactions— Does Substance Over Form Govern?*, 25 J. Multistate Tax'n 20, 24 (2016)) (emphasis added). However, this statement does not definitively state that sales tax is always form driven, is not supported by any caselaw or authority, and is discussing lease transactions in particular. Therefore, the Court does not find this citation persuasive.

Defendant notes in its reply on the motion to dismiss that "the *nature* of a product determines its taxability; if it were otherwise, sellers would strategically name everything in such way as to evade the tax laws." Dkt. No. 33 at 9, n.3. The Court agrees with this rationale and Judge Tsuchida's observation as to the self-labeling argument: "[I]t would be untenable to permit

ORDER ADOPTING REPORT
AND RECOMMENDATION - 4

sellers to name any product a 'gift card' and thereby exempt themselves from remitting sales tax."[1] Dkt. No. 36 at 8, n.9.

### 2. Massachusetts Tax Law Concerning Gift Cards

Plaintiffs correctly note in their objection that the Report did not address Massachusetts tax law concerning gift cards. However, one of the directives from the Massachusetts Department of Revenue cited by Plaintiffs dooms its argument. *See* Dkt. No. 39 at 11. As Plaintiffs point out, Massachusetts Department of Revenue Directive 12-4 (July 1, 2012) ("DOR Directive 12-4") concludes that "the sale of vouchers . . . should be treated like gift certificates at the time of sale; thus *any tax is due when the vouchers are redeemed, not when they are issued.*" Dkt. No. 39 at 11 (quoting DOR Directive 12-4) (emphasis added). This is the crux of the issue. True gift cards are not taxed when they are issued because the tax is due when the gift card is redeemed. In other words, to charge at the point of sale of a true gift card and then again when the gift card is redeemed would be duplicate taxation on the same product. If Plaintiffs were charged a sales tax when they redeemed their Robux, this would support their argument that the product they bought from Defendant was a gift card that was not subject to tax. This is certainly information within the control of Plaintiffs that is available without discovery and could have been included in any of three versions of Plaintiffs' complaint. Plaintiffs included in the SAC multiple screenshots of various transactions in which they were or were not charged sales tax. *See, e.g.*, Dkt. No. 25 ¶¶ 13, 21, 27, 33. As a result, the Court can only conclude that Plaintiffs were not charged a sales tax upon redeeming the Robux they purchased from Defendant. Therefore, Massachusetts law does not save their claim.

---

[1] Later in their objection, Plaintiffs claim that self-labeling is highly relevant simply because Massachusetts law defines a "gift certificate" as "a writing identified as a gift certificate." Dkt. No. 39 at 11. For the reasons stated in Section III.B.2, the Court does not find this argument persuasive.

### 3. Primary Jurisdiction Doctrine

After the Report was issued and on the same day they filed their objections (July 8, 2022), Plaintiffs submitted a request to the Massachusetts Department of Revenue for clarification on whether the Robux Gift Card is subject to sales tax. Dkt. No. 39-3. The following day, Plaintiffs submitted a similar request to the New York State Department of Taxation and Finance. Dkt. No. 39-2. Plaintiffs could have made this request before they first filed their complaint or at any time in the following ten months before they filed their objections. Indeed, by November 2021 and before filing the SAC, Plaintiffs knew what Defendant would argue on a motion to dismiss. *See* Dkt. No. 18. Plaintiffs knew in November 2021 that Defendant would challenge whether Plaintiffs had properly exhausted their administrative remedies in pursuing relief from the state taxing authorities. *Id.* at 8–9, 10–12.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). *See also Brook as Tr. of David N. II Tr. v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020); Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence") (emphasis added). In *Brook*, the Ninth Circuit noted that "[t]he district court did not want to 'provide [Brook] a second bite at the apple,' and noted that Brook gave 'no explanation as to why [he] could not bring all arguments before the Magistrate.'" *Id.* "Arguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below." *Greenhow v. Sec'y of HHS*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

Here, Plaintiffs provide neither any exceptional circumstances nor any explanation at all as to why they could not request the opinion letters from the various state taxing authorities until

ORDER ADOPTING REPORT
AND RECOMMENDATION - 6

after the Report had been issued (and until the due date of their objections). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638. The Court finds Plaintiffs' request comes too late, and the Court will not consider this new argument that is raised for the first time in Plaintiffs' objections.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)   The Report and Recommendation (Dkt. No. 36) is ADOPTED;

(2)   Plaintiffs' objections (Dkt. No. 39) are OVERRULED;

(3)   Defendant's motion to dismiss the Second Amended Complaint (Dkt. No. 27) is GRANTED and this matter is DISMISSED with prejudice and without leave to amend.

(4)   Defendant's motion to dismiss the First Amended Complaint (Dkt. No. 18) is STRICKEN as moot.

(5)   The Clerk is DIRECTED to send copies of this Order to the Parties and to Judge Tsuchida.

Dated this 8th day of May 2023.

Tana Lin
United States District Judge